UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| CENTENE MANAGEMENT COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Centene Management Company (hereafter "Defendant"), by and through its attorneys, and gives notice that the case of Willie Ray v. Centene Management Company, initiated in the Circuit Court for St. Louis County on or about August 28, 2017, and assigned case number 17SL-CC03304 has on this 6th day of October, 2017 been removed to the United States District Court for the Eastern District Missouri, Eastern Division.  Pursuant to 28 U.S.C. § 1441 and 1446, and under 28 U.S.C. § 1332(a) there is diversity of citizenship of the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. As grounds for removal, Defendant states:

1.	On August 28, 2017, Willie Ray ("Plaintiff") filed a Petition in the Circuit Court of St. Louis County in an action titled Willie Ray v. Centene Management Company, case number 17SL-CC03304.

2.	No summons was issued by Plaintiff when the suit was filed. On September 8, 2017, Defendant waived formal service.

3. A copy of the pleadings, processes, and orders filed in this action are attached as Exhibit A.  No further proceedings have been had in this action or served on Defendant.

4. This notice of removal is filed within 30 days of Defendant accepting service (service waived on September 8, 2017), and is timely filed under 28 U.S.C. § 1446(b)(3).

5. In Plaintiff's Petition, Plaintiff purports to allege, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981 and the Family Medical Leave Act. *See* Ex. A, Pet. ¶¶ 4, 6(g)–(f).

6. Federal courts have original jurisdiction over claims or rights "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). As such, this Court has original jurisdiction over this action in that Plaintiff alleges violations of rights arising under federal law.

7. Plaintiff also purports to allege violations of Missouri State law, pursuant to Missouri Revised Statues 213.055 and 213.070.

8. In any civil action of which the Federal District Courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Federal District Court may exercise jurisdiction over state-law claims that may be viewed as part of the same case if they "derive from a common nucleus of operative fact" as the federal claim. *Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

9. Plaintiff's allegations arising under Missouri law derive from a "common nucleus of operative fact" as the gravamen of Plaintiffs' claims arises from Plaintiff's claims purportedly raised under federal law.

10. Accordingly, this Court has original federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) and this case is properly removed to this Court pursuant to 28 U.S.C. § 1446(b)(3).

11. As of the date of the commencement of this cause and the removal of this cause, Defendant was, and still is, a corporation organized under the law of the State of Wisconsin with its principal place of business in Clayton, Missouri, and is thereby a citizen of the States of Wisconsin and Missouri pursuant to 28 U.S.C. § 1332(c). (Ex. B, Linhardt Affidavit).

12. Upon information and belief, Plaintiff is a citizen and resident of the State of Illinois. *Id.*

13. Plaintiff's Petition does not state the specific amount of damages being sought; however, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. In her Petition, Plaintiff seeks damages for job loss, lost wages and income, emotional distress, back pay and front pay, exemplary damages, other consequential damages, attorney fees and costs. (Ex. A, Plaintiff's Petition, ¶ 10).

14. If the amount in controversy is not ascertainable from the face of the pleadings, when deciding the amount in controversy, "a defendant seeking to invoke federal jurisdiction through removal must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." "Compensatory damages, punitive damages, statutory costs, and attorney's fees may be aggregated to meet the jurisdictional threshold." (*citing Crawford v. F. Hoffman–La Roche Ltd.*, 267 F.3d 760, 765–67 (8th Cir.2001)). *Brooks v. Kelly*, No. 4:11CV01510 AGF, 2011 WL 6009657 (E.D. Mo. Dec. 1, 2011). "Under the preponderance standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a

fact finder might legally conclude that they are." *Bell v. The Hershey Co.*, 557 F.3d 953, 959 (8th Cir.2009) (internal quotations omitted).

15.     Plaintiff was terminated at the end of 2015 and earned approximately $48,326.12 that year, in addition to approximately $7,400.70 in benefits. (Ex. B). Given that the Plaintiff seeks damages for job loss, lost wages and income, emotional distress, back pay and front pay, exemplary damages, other consequential damages, attorney fees and costs, a fact finder could legally conclude the damages are greater than the requisite amount.

16.     As such, with a preponderance of the evidence and to a legal certainty, Plaintiff is seeking in excess of $75,000 and, therefore, the jurisdictional amount is satisfied.

17.     Written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, as required by law.

18.     A true and correct copy of this notice of removal will be filed with the Clerk for the Circuit Court of St. Louis County, as required by law.

WHEREFORE, Defendant gives notice that the above action initiated in the Circuit Court of St. Louis County, is hereby removed to the United States District Court for the Eastern District of Missouri, Eastern Division for the reasons stated above.

ARMSTRONG TEASDALE LLP

By: */s/ Ida S. Shafaie*
Jovita M. Foster  #52455MO
Ida S. Shafaie  #66220MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (Facsimile)
jfoster@armstrongteasdale.com
ishafaie@armstrongteasale.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, the foregoing was filed electronically with the Clerk of the Court and will be served by U.S. Mail and by operation of the Court's electronic filing system upon the following:

Rufus J. Tate, Jr.
230 Bemiston Avenue, Suite 1470
Clayton, Missouri 63105
tatelawfirm@gmail.com

*Attorney for Plaintiff*

*/s/ Ida S. Shafaie*