**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| WILLIE RAY,<br><br>                              Plaintiff,<br><br>v.<br><br>CENTENE MANAGEMENT COMPANY,<br><br>                              Defendants. | Cause No:  4:17-cv-02534-CAS |

**AMENDED COMPLAINT**

COME NOW Willie Ray, Plaintiff, by and through counsel, Rufus J. Tate, Jr., of the Tate Law Firm, LLC, and states the following for her Amended Complaint:

*Parties*

1) Plaintiff at all pertinent times herein was an African-American employee;

2) Defendant Centene Management Company (hereinafter "CMC") at all pertinent times herein was a corporation doing business in Missouri;

*Venue*

3) Pursuant to § 213.111 RSMo, venue is appropriate in this judicial circuit because one or more acts or omissions occurred herein;

*Subject-Matter Jurisdiction*

4) This Court has subject-matter jurisdiction over all of the federal and state claims herein pursuant to Title VII, Section 1981, § 213.055 and .070 RSMo and/or MO Const. art. V, §14;

*Common Factual Allegations*

5) At all pertinent times herein, Plaintiff was an African-American over age 40;

6) Defendant acting through its manager, Kay Timmerman (W/F) (hereinafter "Timmerman"):

   a. Failed to interview or promote Plaintiff for one or more of several openings for which Plaintiff was qualified by experience and/or training;

   b. Promoted or selected Caucasian candidates over Plaintiff who were younger (under 40 years of age) and/or possessed less or no experience or qualifications;

   c. Denied or blocked Plaintiff's multiple transfer requests from the unit managed by Timmerman, while granting Caucasian members' request from the same unit;

   d. Retaliated against Plaintiff because of her complaints to both human resources and/or the Equal Employment Opportunity Commission (hereinafter "EEOC") on or before September 15, 2015;

   e. Falsely accused Plaintiff of fraudulently reporting her productivity only after Plaintiff had filed complaints about Timmerman;

   f. Falsely accused Plaintiff of fraud as an indirect endeavor to impair or destroy Plaintiff's paid leave to care for her dying mother under the Family Medical Leave Act and CMC policies;

    g. Mistreated Plaintiff because of her race, age, the exercise of her family leave rights, her endeavors to enforce her contractual rights, and/or her courage to complain about or oppose Timmerman's efforts to act in contravention of law;

7) Defendant acting through it human resources officers:

    a. Failed to adequately investigate and remedy Plaintiff's internal grievances against or about Timmerman's misconduct; and thereby

    b. Ratified or shielded Timmerman's conduct from meaningful review at a meaningful time;

8) Defendant's misconduct was the direct and proximate cause on injury to Plaintiff including, but not limited to, job loss, lost wages, and emotional distress;

9) Defendant's conduct reflected a callous disregard for Plaintiff's employment rights and warrant the imposition of exemplary damages to punish and deter similar conduct in the future by Defendant and/or its contemporaries;

10) Defendant employs at least twenty (20) employees for twenty or more calendar weeks in during the year,

11) Plaintiff has exhausted her administrative remedies under both federal law; and the corresponding right-to-sue letter is attached hereto;

12) Plaintiff has incurred and shall continue to incur reasonably foreseeable attorney's fees to prosecute this civil action.

## Count I
## Race Discrimination & Retaliation under 42 U.S.C. §1981 and Title VII

13) Plaintiff incorporates each of the foregoing paragraphs as though fully restated here;

14) During the summer of 2015, Plaintiff applied for supervisory positions which ultimately reported to Timmerman;

15) Timmerman refused to interview Plaintiff for any supervisory position;

16) Plaintiff immediately complained about Timmerman's act to the compliance analyst and to human resources;

17) Upon information and belief, Defendant always interviewed the candidates deemed "qualified" by the compliance analysts;

18) Upon information and belief, the compliance analyst deemed Plaintiff "qualified" to interview for the supervisory position;

19) Plaintiff was told that Timmerman had someone else—a very young white female with no coding experience--in mind for the position before the position was opened;

20) Upon information and belief, no one else applied for the supervisory position;

21) Upon information and belief, human resources brought this concern to Timmerman, if not also conducting a full investigation;

22) Ultimately, Timmerman hired the young white female as the coding supervisor despite Plaintiff tenure and experience;

23) Timmerman had previously determined that each of her supervisors would be white persons;

24) Upon information and belief, during Plaintiff's tenure, Timmerman hired all white supervisors and terminated or demoted any then-existing African-American supervisors;

25) Plaintiff never received any reports or updates from human resources regarding corrective actions or sensitivity training relating to Timmerman's hiring practices;

26) In addition to the numerous internal grievances filed by Plaintiff against Timmerman, Plaintiff also filed an EEOC intake questionnaire relating to Timmerman before Timmerman terminated her employment;

27) Upon information and belief, Timmerman had not filed any negative reports in Plaintiff's personnel file at any time before Plaintiff complained about Timmerman to compliance, human resources, and/or the EEOC;

For the foregoing reasons, Plaintiff prays for judgment in her favor and against Defendant as and for compensatory damages, exemplary damages, reinstatement, back pay, front pay, lost future payments, attorney's fees and costs, and any other relief this honorable Court deems necessary and appropriate.

## Count II
## Age Discrimination & Retaliation under Title VII and ADEA

28) Plaintiff incorporates each of the foregoing paragraphs as though fully restated here;

29) Plaintiff was over age forty (40);

30) Each of the persons Timmerman hired into positions were substantially younger than Plaintiff;

31) Plaintiff applied for several of those supervisory positions;

32) Plaintiff was deemed "qualified" by compliance analysts for those same positions;

33) Timmerman passed over Plaintiff for promotion because of Plaintiff's age;

34) Plaintiff complained to human resources and the EEOC before Timmerman terminated her employment;

35) Timmerman not only failed to promote Plaintiff but also failed to even follow company procedures and interview Plaintiff for any supervisory positions.

5

For the foregoing reasons, Plaintiff prays for judgment in her favor and against Defendant as and for compensatory damages, exemplary damages, reinstatement, back pay, front pay, lost future payments, attorney's fees and costs, and any other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,

THE TATE LAW FIRM, LLC

/s/ Rufus J. Tate, Jr._____
Rufus J. Tate, Jr. 46993
230 Bemiston Avenue, Suite 1470
Clayton, MO 63105
314.726.6495 Office
314.726.0424
tatelawfirm@gmail.com

Certificate of Service

I hereby certify that on November 16, 2017, I delivered a copy of the foregoing Amended Complaint to all counsel of record.

/s/ Rufus J. Tate, Jr.